FILED
2013 Apr-18  AM 08:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. CV-12-S-1681-NW |
| JUDITH CAROL SUTHERLAND, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case concerns the rights and liabilities on an insurance policy after a mobile home was damaged by fire on August 10, 2011.[1] Plaintiff, American Modern Select Insurance Company, seeks a declaratory judgment to determine its obligations to defendant, Judith Carol Sutherland, under the policy.[2] In response, defendant filed a counterclaim against plaintiff for breach of contract.[3]

Plaintiff served the Phil Campbell Housing Authority ("the Housing Authority") with a third-party subpoena on March 4, 2013, requesting all files concerning "any communication, rental application, rental agreement, or eviction

---

[1] *See* doc. no. 1 (Complaint) ¶¶ 4, 6-13.

[2] *See generally id.*

[3] Doc. no. 4 (Answer and Counterclaim), at 7-9.

action" involving Ashley Nicole Sutherland ("Ms. Sutherland").[4]  Ms. Sutherland is the daughter of defendant.[5]  Defendant owned the insured home, but Ms. Sutherland occupied it at the time of the fire.[6]

The case now is before the court on the Housing Authority's motion to quash the subpoena.[7]  Additionally, plaintiff filed a motion requesting that this court enter an order commanding the Housing Authority to respond to its subpoena.[8]  Upon consideration, both motions are due to be granted in part and denied in part.  The subpoena, although overbroad, seeks relevant information for which plaintiff's need outweighs the potential harm to Ms. Sutherland.

## I.  ANALYSIS

The Housing Authority's motion to quash asserts that the documents in dispute are protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552 *et seq.*  The Housing Authority cites 5 U.S.C. § 552b in support of its position, but that provision

---

[4] Doc. no. 11-1 (Subpoena), at ECF 1, 3-4.  The subpoena clearly names the Housing Authority as the entity from which documents are sought, *see id.* at ECF 1, 3, and the Housing Authority has responded with a motion to quash.  Thus, the court regards the portions of the subpoena — namely, "Exhibit 'A'" — that refer to the "Franklin County Houseing [*sic*] Authority" as a typographical error.  *Id.* at ECF 4.  Phil Campbell is located within Franklin County, Alabama.

[5] Doc. no. 12 (Plaintiff's Opposition to Motion to Quash and Motion for Court Order) ¶ 2.

[6] *Id.* ¶¶ 2, 7.

[7] Doc. no. 11 (Motion to Quash).

[8] Doc. no. 12 (Plaintiff's Opposition to Motion to Quash and Motion for Court Order)

addresses "open meetings" and does not apply here.[9]  The relevant statutory text is § 552a(b), which provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, *unless*" one of twelve, enumerated exceptions are satisfied.  5 U.S.C. § 552a(b) (alteration and emphasis supplied).

In response, plaintiff observes that the Privacy Act permits disclosures made "pursuant to the order of a court of competent jurisdiction."[10] 5 U.S.C. § 552a(b)(11). But no such order existed when plaintiff issued its subpoena and, therefore, the exception in § 552a(b)(11) did not apply at that time.  *See Stiles v. Atlanta Gas Light Co.*, 453 F. Supp. 798, 800 (D. Ga. 1978) ("Section 552a(b)(11) provides for those cases in which, for compelling reasons, the court [s]pecifically directs that a record be disclosed.  Mere issuance in discovery proceedings of a subpoena which is always subject to the power of the court to quash or limit does not meet this standard.") (alteration supplied).  For that reason, plaintiff's opposition brief also included a motion requesting that this court *now* enter an order commanding the Housing

---

[9] Doc. no. 11 (Motion to Quash), at 1.  The court notes that plaintiff also incorrectly cites the relevant statutory provision as "Section 552b," rather than as § 552a(b).  *See* doc. no. 12 (Plaintiff's Opposition to Motion to Quash and Motion for Court Order) ¶ 6.

[10] *See* doc. no. 12 (Plaintiff's Opposition to Motion to Quash and Motion for Court Order) ¶ 6.

Authority to respond to the subpoena.[11]   Because "the Privacy Act will prevent disclosure in this case of the subpoenaed documents unless the court specifically orders them produced pursuant to section 552a(b)(11)," *Stiles*, 453 F. Supp. at 800, the court turns to that issue.

Some courts hold that the propriety of issuing a § 552a(b)(11) order depends upon standard discovery principles.

> In considering the import of the Privacy Act, and in particular paragraph (11), the Circuit Court for the District of Columbia long ago recognized that the Act "does not create a qualified discovery privilege as that concept is generally understood[,]" nor does it "create any other kind of privilege or bar that requires a party to show actual need as a prerequisite to invoking discovery." *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D .C. Cir. 1987).  Instead, "a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP." *Id.* at 889; *see also, e.g.*, *United States v. Lake County Bd. of Commissioners*, 2006 WL 1660598, *1 (N.D. Ind. June 7, 2006) ("The Privacy Act prohibits a federal agency from disclosing certain personal information without an 'order of a court of competent jurisdiction.' In determining whether to issue such an order, the usual discovery standards of Federal Rule of Civil Procedure 26(b)(1) apply." (internal citation omitted)), *aff'd*, 2006 WL 2051729 (N.D. Ind. July 20, 2006).

*Alabama & Gulf Coast Railway, LLC v. United States*, No. CA10-0352-WS-C, 2011 WL 1838882, at *3 (S.D. Ala. May 13, 2011).  Other courts, including the Eleventh Circuit, apply a different and slightly more demanding standard:  *i.e.*, "Requests for

---

[11] *See id.* ¶ 9 (The Housing Authority "would not violate the Privacy Act by producing the documents . . . *if* this Honorable Court entered an Order to do so as authorized by" § 552a(b)(11).) (emphasis supplied).

court orders under § 552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure." *Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984).[12]   This court, of course, must apply the standard articulated by the Eleventh Circuit.

Plaintiff notes that this case concerns defendant's claim to insurance policy benefits arising out of damage to her mobile home caused by an allegedly intentional fire.[13]   Ms. Sutherland, although not the owner of the home, resided in it at the time of the fire.[14]   Plaintiff represents that, after the fire, part of a recently-dated housing application by Ms. Sutherland to the Housing Authority was found in the ruins.[15] Plaintiff asserts that the application is "evidence of motive and/or opportunity on the part of the Sutherlands to have caused or procured the fire which damaged the insured property."[16]   Plaintiff argues that the documents under subpoena contain

---

[12] In discussing the Eleventh Circuit's balancing standard, the D.C. Circuit has hypothesized that

> *Perry*'s notion of balancing is unexceptional on its face:  Where the actual content of the record has the potential to cause harm to the affected party, a court supervising discovery should consider this factor in determining how to exercise its traditional authority to limit disclosure.  In our view, *Perry* does not mandate a test of necessity as a *prerequisite* to initiating discovery of records subject to the Privacy Act.

*Laxalt v. McClatchy*, 809 F.2d 885, 890 (D.C. Cir. 1987) (emphasis in original).

[13] Doc. 12 (Plaintiff's Opposition to Motion to Quash and Motion for Court Order) ¶ 1.

[14] *Id.* ¶¶ 2, 7.

[15] *Id.* ¶ 3.

[16] *Id.*

applications for alternative housing submitted to [the Housing Authority] by Ashley Sutherland shortly before the fire. These documents are believed to contain relevant and material evidence of opportunity, one of the required elements of proof of an arson defense, which in Alabama can also be proven by showing evidence of strange, unexplained, surrounding circumstances which tend to implicate the insured in causing or procuring the fire.[17]

The Housing Authority responds by asking the court to assess "the relevance of the requested documents," and to enter a protective order "if it is determined that Plaintiff should be entitled to the documents requested."[18]

Some of the documents sought by plaintiff are certainly relevant to its arson defense. An individual who, hypothetically, intends to burn down her current residence — or a residence that she owns and in which her daughter lives — could reasonably be expected to procure alternative living arrangements beforehand. A housing application "dated shortly before th[e] fire"[19] would constitute such evidence and be consistent with plaintiff's theory.

The rub lies in the expansive scope of plaintiff's subpoena. The first two

---

[17] *Id.* ¶ 7 (alteration supplied). Alabama law provides for the civil defense of arson to claims for insurance payments. The elements of that defense are: (1) the fire was intentionally set; (2) the insured had motive for committing the alleged arson; and (3) the insured either set the fire or had it set. *See Quarles v. Nationwide Property & Casualty Insurance Co.*, No. 12-15226, 2013 WL 598334, at *1 n.1 (11th Cir. Feb. 15, 2013) (quoting *Shadwrick v. State Farm Fire & Insurance Co.*, 578 So.2d 1075, 1077 (Ala. 1991)). It is the third element that can be proved by "unexplained surrounding circumstantial evidence implicating" the insured. *Id.* Because this is a declaratory judgment action, plaintiff — *i.e.*, the insurer — is the party who would raise the arson defense.

[18] Doc. no. 13 (Response to Motion for Court Order) ¶¶ 2, 4.

[19] Doc. no. 12 (Plaintiff's Opposition to Motion to Quash and Motion for Court Order) ¶ 3 (alteration supplied).

6

paragraphs of the subpoena demand all of Ms. Sutherland's rental and housing applications *since January 1, 2005*.[20] The third and final catch-all paragraph requests all files "concerning *any* communication, rental application, rental agreement or eviction action involving" Ms. Sutherland.[21] That paragraph does not contain a limiting date. Those requests are overbroad, as they are not limited to — as plaintiff represents in its brief — Ms. Sutherland's housing applications "dated shortly before" the fire of August 10, 2011.[22]

Nevertheless, plaintiff has a clear need for some of the documents in order to properly develop its arson defense. That need outweighs any potential harm to Ms. Sutherland, *see Perry*, 734 F.2d at 1447, especially considering that the court will: limit the scope of plaintiff's subpoena; order the documents to be marked as "confidential" and used only for the purposes of this case; and require that the documents either be destroyed or returned to the Housing Authority at the conclusion of the litigation. In summary, the court will order the Housing Authority to produce *only* the communications, rental applications, rental agreements, lease agreements, or eviction actions between itself and Ms. Sutherland from August 10, 2010 to August 10, 2011: *i.e.*, the one-year period before the fire.

---

[20] Doc. no. 11-1 (Subpoena), at ECF 4.

[21] *Id.* (emphasis supplied).

[22] Doc. no. 12 (Plaintiff's Opposition to Motion to Quash and Motion for Court Order) ¶ 3; *see also id.* ¶ 7 (representing that the records sought were submitted "shortly before the fire").

## II.  CONCLUSION AND ORDER

The Housing Authority's motion to quash is GRANTED in part and DENIED in part.[23]  Correspondingly, plaintiff's motion for a court order directing the Housing Authority to respond to its subpoena is also GRANTED in part and DENIED in part.[24]  Pursuant to 5 U.S.C. § 552a(b)(11), the Housing Authority is ORDERED to produce any communications, rental applications, rental agreements, lease agreements, or eviction actions between itself and Ms. Sutherland from August 10, 2010 to August 10, 2011.  Such production must occur on or before May 2, 2013. The documents shall be marked as "confidential" and used only for the purposes of this litigation, at the conclusion of which the parties must either destroy the documents (and any copies thereof) or return them to the Housing Authority.  When submitting the documents to the court, the parties must take the steps necessary to prevent the public disclosure of any confidential identifying information, such as social security numbers.

DONE and ORDERED this 18th day of April, 2013.

_____
United States District Judge

---

[23] Doc. no. 11.

[24] Doc. no. 12.